IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-20436
Summary Calendar
_____


UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

                versus

MARLON G. NARVAEZ,

                              Defendant-Appellant.



_____
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-96-CR-203
_____
July 20, 1998
Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

        This appeal is SEVERED from appeal No. 97-20437, United States
v. Jorge Enrique Castillo.

        Marlon G. Narvaez appeals his conviction and sentence for
conspiring to possess with intent to distribute cocaine, in
violation of 21 U.S.C. § 846, and aiding and abetting his
codefendant Castillo and others in the possession of cocaine with

_____

        [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  The evidence was not insufficient as to either count. See United States v. El-Zoubi, 993 F.2d 442, 445 (5th Cir. 1993); United States v. Bermea, 30 F.3d 1539, 1551 (5th Cir. 1994); United States v. Gonzales, 121 F.3d 928, 936 (5th Cir. 1997), cert. denied, 118 S. Ct. 726 (1998).

Narvaez's contention that the district court clearly erred in calculating the amount of cocaine attributable to him for sentencing purposes is without merit.  See United States v. Torres, 114 F.3d 520, 527 (5th Cir.), cert. denied, 118 S. Ct. 316 (1997).

APPEALS SEVERED; NO. 97-20436 AFFIRMED.